ACCEPTED
03-15-00343-CV
6834820
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 5:17:16 PM
JEFFREY D. KYLE
CLERK

No. 03-1500343-CV

# In the Court of Appeals
# For the Third District of Texas
# At Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 5:17:16 PM
JEFFREY D. KYLE
Clerk

_____

EDDIE DON JOHNSON,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellee*.

_____

On Direct Appeal from the 200th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-13-001602

_____

**APPELLEES' BRIEF**

_____

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General
for Civil Litigation

**KAREN D. MATLOCK**
Chief, Law Enforcement
Defense Division

**\*JENNIFER L. DANIEL**
Assistant Attorney General
State Bar No. 24090063

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2080
Fax: (512) 936-2109
Jennifer.Daniel@texasattorney
general.gov

Counsel for Appellees
*Attorney-In-Charge

ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES & COUNSEL

*Appellant*:

**Eddie Don Johnson**, No. 00364033
TDCJ – James A. Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, Texas 79735
*Plaintiff Pro Se*

*Appellees*:

**The State of Texas—Texas Department of Criminal Justice (TDCJ)**
**TDCJ Board of Pardons and Parole**
P. O. Box 13401
Austin, Texas 78711-3401

*Attorney for Appellees:*

**Jennifer L. Daniel**
Assistant Attorney General
State Bar No. 24090063
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel…………………………………………………………..ii

Table of Contents ………………………………………………………………....iii

Index of Authorities…………………………………………………………..iv

Statement of the Case……………………………………………………………1

Issues Presented……………………………………………………………....2

    I.    Whether TDCJ is entitled to sovereign immunity for the claims brought against it pursuant to Texas Government Code Section 2001.038..…………………………………………………………….......2

Statement of Facts…………………………………………………….....2

Summary of the Argument…………………………………………………….2

Standard of Review……………………………………………………...3

Argument……………………………………………………………...3

    1.    Offender Johnson pled facts affirmatively demonstrating that his claim falls outside Section 2001.038 of the APA, and his claim is barred by sovereign immunity…...…………………………………………….3

Conclusion……………………………………………………………5

Notice of Electronic Filing…………………………………………………6

Certificate of Compliance……………………………………………………..6

Certificate of Service……………………………………………………....7

# INDEX OF AUTHORITIES

**Cases**                                                               **Page**

*Tex. Parks & Wildlife Dep't v. Gallacher,*
    2015 WL 1026473 (Tex.App.—Austin Mar. 4, 2015, no pet.)............................3

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
    372 S.W.3d 629 (Tex.2012).................................................................................3

*Texas Dep't of Transp. v. Sefzik*,
    355 S.W.3d 618 (Tex. 2011) ...............................................................................3

*Hernandez v. Tex. Dep't of Criminal Justice*,
    2014 WL 711028 (Tex.App..—Austin Feb. 19, 2014, no pet.) ...........................4

**Rules, Codes, and Statutes**

Tex. Gov't Code § 2001.226.................................................................................4
Tex. Gov't Code § 2001.038(a), (c).....................................................................3
Tex. Gov't Code § 2001.223(3). ..........................................................................4

EDDIE DON JOHNSON,
*Appellant,*

v.

THE STATE OF TEXAS,
*Appellee.*

_____

On Direct Appeal from the 200th Judicial District
Court of Travis County, Texas
Trial Court Cause No. D-1-GN-13-001602

_____

**APPELLEE'S BRIEF**

_____

**TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS,**

**AUSTIN:**

Appellee Texas Department of Criminal Justice ("TDCJ"), through the Office

of the Attorney General, submits this brief in support of the trial court's judgment

dismissing this case. Appellee asks this Court to affirm the lower court's dismissal.

## STATEMENT OF THE CASE

Appellant, Eddie Don Johnson, proceeding *pro se* and *in forma pauperis*, filed

suit in the 200th Judicial District Court of Travis County, Texas. *See Plaintiff's*

*Original Petition*, C.R. at 5. Offender Johnson brings a suit against TDCJ pursuant

to Texas Government Code Section 2001.038 of the Administrative Procedures Act

1

(APA) seeking a declaration that TDCJ's application of Special Condition X SISP to his parole was invalid. *Id.*

Appellee answered and filed an Amended Plea to the Jurisdiction. *See Defendants Amended Plea to the Jurisdiction*, C.R. at 240. On May 13, 2015, the Honorable Charles R. Ramsey granted Appellee's plea to the jurisdiction and issued a final judgment dismissing the case. C.R. at 249. On June 1, 2015, Appellant filed his Notice of Appeal. C.R. at 251.

## ISSUE PRESENTED

I.  Whether TDCJ is entitled to sovereign immunity for the claims brought against it pursuant to Texas Government Code Section 2001.038.

## STATEMENT OF FACTS

On January 16, 2004, Offender Johnson was released from TDCJ custody to mandatory supervision. C.R. at 7. The Board of Pardons and Parole issued an order imposing Special Condition X SISP on his parole on December 11, 2003. *Id.* On the day of his release, Offender Johnson was provided with notice of the imposition of special condition X SISP being applied to him. *Id.* Offender Johnson was arrested on August 4, 2004. *Id.* On March 25, 2005, his discretionary mandatory supervision was revoked. C.R. at 8. He was returned to TDCJ custody on April 8, 2005. *Id.*

## SUMMARY OF THE ARGUMENT

The record supports the trial court's judgment in dismissing Appellant's suit for lack of subject matter jurisdiction. Appellant failed to overcome TDCJ's

2

entitlement to sovereign immunity. The court below appropriately applied the law, and the judgment should be affirmed.

## STANDARD OF REVIEW

Whether a trial court has subject-matter jurisdiction is a question of law reviewed *de novo*. *Tex. Parks & Wildlife Dep't v. Gallacher*, 2015 WL 1026473, at *3 (Tex.App.—Austin Mar. 4, 2015, no pet.) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 635 (Tex.2012).). Accordingly, the grant of the plea to jurisdiction should be reviewed de novo. *Id*.

## ARGUMENT

1. **Offender Johnson pled facts affirmatively demonstrating that his claim falls outside Section 2001.038 of the APA, and his claim is barred by sovereign immunity.**

Sovereign immunity deprives Texas courts of subject-matter jurisdiction to adjudicate any suit against the State or its agencies or subdivisions, absent legislative waiver. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011).

Offender Johnson attempts to rely on APA section 2001.038 to bring his challenge to Condition X SISP being applied to his parole. C.R. at 5. Texas Government Code Section 2001.038 waives sovereign immunity to the extent it authorizes "an action for declaratory judgment against a state agency to determine the validity or applicability of a rule if it is alleged that the rule or its threatened

3

application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." *Hernandez v. Tex. Dep't of Criminal Justice*, 2014 WL 711028 at *2 (Tex.App.— Austin Feb. 19, 2014, no pet.) (internal quotations omitted) (citing Tex. Gov't Code § 2001.038(a), (c)). It is unnecessary, however, to analyze whether the imposition of Special Condition X SISP constitutes a "rule" under the statute because the Legislature explicitly exempted this type of case from the APA. In § 2001.226, the Legislature specifically stated, "This chapter does not apply to a rule or internal procedure of [TDCJ] or Texas Board of Criminal Justice that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure." Tex. Gov't Code § 2001.226. Additionally, the APA states that Section 2001.038 is inapplicable to "a hearing or interview conducted by the Board of Pardons and Paroles or [TDCJ] relating to the grant, rescission, or revocation of parole or other form of administrative release." Tex. Gov't Code § 2001.223(3).

Offender Johnson's sole allegation of interference with or impairment of a legal right or privilege is based on the revocation of his parole as a result of violations of Special Condition X SISP. As a matter of law, no action can lie under Section 2001.038 based on this alleged rule violation. Offender Johnson has pled facts affirmatively demonstrating that his claim falls outside Section 2001.038, and his claim is barred by sovereign immunity.

4

## CONCLUSION

The Texas Department of Criminal Justice is entitled to sovereign immunity. Therefore, the trial court jurisdiction over them, and they appropriately dismissed Offender Johnson's petition. The judgment should be affirmed.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ JENNIFER L. DANIEL*
**JENNIFER L. DANIEL**
Assistant Attorney General
*Attorney-in-Charge*
State Bar No.24090063
Jennifer.Daniel@texasattorneygeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax

**ATTORNEYS FOR APPELLEE**

## NOTICE OF ELECTRONIC FILING

I, **JENNIFER L. DANIEL**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Appellees' Brief** in accordance with the electronic filing system for the Third Court of Appeals on this the 8th day of September, 2015.

*/s/ JENNIFER L. DANIEL*
**JENNIFER L. DANIEL**
Assistant Attorney General

## RULE 9.4(I) CERTIFICATE OF COMPLIANCE

I certify that this computer-generated document, accounting for Rule 9(i)(1)'s inclusions and exclusions, is 1,496 words, as calculated by Microsoft Word 2013, the computer program used to prepare this document.

*/s/ JENNIFER L. DANIEL*
**JENNIFER L. DANIEL**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **JENNIFER L. DANIEL**, Assistant Attorney General of Texas, certify that a true and correct copy of the above and foregoing **Appellees' Brief** has been served by placing it in the United States Mail, postage prepaid, on this the 8th day of September, 2015 , addressed to:

**Eddie Don Johnson** TDCJ No. 00364033
TDCJ – James A. Lynaugh Unit
1098 S. Highway 2037
Fort Stockton, Texas 79735
*Plaintiff Pro Se*

/s/ JENNIFER L. DANIEL
**JENNIFER L. DANIEL**
Assistant Attorney General

7