# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00548-CV

**Texas State University, Appellant**

**v.**

**Dr. Kathleen Quinn, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 14-1061-C26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the district court's judgment denying a plea to the jurisdiction in an employment-discrimination case. Appellant is Texas State University (the University), and appellee is Dr. Kathleen Quinn. This Court will affirm the judgment.

In 2011, the University's School of Nursing was developing a Doctoral of Nursing Practice program. At that time, Quinn made inquiry regarding employment. She had been a licensed counselor, a registered nurse, and an advanced practice nurse since 2000. The University offered, and Quinn accepted, two one-year contracts as an "emergency hire" to teach as a clinical associate professor. In addition to her teaching responsibilities, the University gave her significant program writing tasks. When the University made the clinical associate professorship permanent, Quinn applied for the job.

At 68, Quinn was one of the oldest faculty members. She had progressive and severe nerve damage to her hands and feet. The pain in her feet made walking difficult. She requested an accommodation, but nothing was done. Quinn claimed that during her tenure at the University, she endured demeaning harassment and derogatory comments because of her age and disability. Although she complained to her supervisor, nothing was done. The University did not hire her for the permanent clinical associate professorship posting, nor did it renew the temporary teaching contract.

Quinn filed suit against the University claiming disability and age discrimination and retaliation. She cast her case against the University as one coming within the terms of the Texas Labor Code section 21.051. The University filed a plea to the jurisdiction to which it attached supporting proof and argued that sovereign immunity barred Quinn's claims. By the plea, the University claimed that (1) Quinn failed to plead a claim of discrimination and retaliation under the Texas Labor Code and (2) Quinn's evidence was insufficient to support her discrimination and retaliation claims. The district court denied the plea.

To invoke waiver of sovereign immunity, Quinn had to allege facts that affirmatively demonstrated the court's jurisdiction and marshal some evidence in support of the contested elements of her discrimination and retaliation claims, *see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). The elements of a disability and age-discrimination case are: (1) the plaintiff has a disability and is over the age of forty; (2) she was qualified for the job she had or sought; (3) she suffered an adverse action; and (4) she was replaced by a younger, non-disabled person, or was treated less favorably than a younger, non-disabled person, or was otherwise discriminated against because of her age or disability. *See Mission Consol. Indep. Sch.*

2

*Dist. v. Garcia*, 372 S.W.3d 629, 632 (Tex. 2012). The elements of a retaliation claim are: (1) the plaintiff engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the two. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015).

Contrary to the University's argument, Quinn discharged her pleading requirement in her amended petition by asserting in minute detail the facts supporting her discrimination and retaliation claims. *See Miranda*, 133 S.W.3d at 226.

In reply to the University's plea to the jurisdiction, Quinn filed a lengthy fact-studded response in which she marshaled evidence in support of each contested element of her discrimination and retaliation claims. When reviewing a plea to the jurisdiction in which the pleading requirement has been met, as in this case, and evidence has been submitted to support the plea that implicates the merits of the case, the reviewing court takes as true all evidence favorable to the non-movant, and the court indulges every reasonable inference and resolves any doubts in the non-movant's favor. *Id.* at 228. In the following pages, we summarize the proof in that light.

On deposition, Quinn detailed the nerve damage to her hands and feet. She testified that constant pain in her feet made walking difficult. Her deposition testimony was backed up by voluminous medical records. She reported her physical problems to her supervisor.

Quinn brought forward evidence that she was qualified for the job she had and for the post she sought. Apparently satisfied with her qualifications, the University kept her on for two years. Her supervisor testified that she, the supervisor, did not hire unqualified faculty. The Dean of the Nursing School testified on deposition that to be employed as an "emergency hire," one was

3

required to have clinical experience. In addition, Quinn testified on deposition that she had more than five years of clinical experience.

Quinn asserts that the University's determination not to renew her term teaching contract and that its decision not to hire her for the new clinical-associate post in itself is evidence of "adverse action." The University replies that employees on term contracts cannot suffer "adverse action" in employment-discrimination cases. Its argument is that because there is no legal obligation to renew a term contract, as a matter of law no "adverse action" can occur after the contract is signed. The University concedes that there is no Texas authority supporting its argument. That being the case, this Court declines to hold, as a matter of law, that the University's decision not to renew the contract cannot be evidence in support of Quinn's discrimination claim. The failure to hire Quinn for the permanent clinical-associate post is some evidence of "adverse action." *See* Tex. Lab. Code § 21.051(1).

Quinn's evidence and pleading is that she was replaced by a non-disabled, younger person, Sarah Guy. The University contends, however, that Quinn was not replaced by anybody because her term teaching contract had ended. This argument, of course, does not address the fact that Quinn was not hired for the permanent clinical-associate position.

As to why she was replaced, Quinn points to the fact that she was hired for the 2012-2013 school year. Her duties were to teach as well as to finish up writing the design program. The teaching contract for a clinical-associate position could have been renewed, but it was not. Instead, the University created the permanent clinical-associate position and Sarah Guy was selected for that

4

job. Accordingly, Quinn suggests that the fact-finder could conclude that she was not renewed because she was replaced by Guy.

Quinn asserts that she presented facts supporting the elements of her retaliation claim. Quinn maintains that she was engaged in protected activity when, among other things, (1) she complained to her supervisor of disability discrimination; (2) she requested an accommodation from her supervisor; (3) she had her attorney send a letter to the University complaining of disability and age discrimination; and (4) she filed a charge of discrimination.

Quinn's response advanced some evidence that she suffered adverse action subsequent to a protected activity. The University's decision not to renew Quinn's contract was made after her complaint to her supervisor about disability discrimination. Also, the University's decision not to hire Quinn for the clinical-associate post was made after Quinn had complained about disability discrimination. Quinn's response contains evidence supporting a causal connection between Quinn's protected activity and the adverse action. For example, after Quinn had requested an accommodation, and after she had applied for the permanent clinical-associate position, her supervisor and the Dean of the Nursing School met and agreed that they would not allow Quinn to teach in the nursing program no matter how well she scored in her interview.

Taking as true all evidence favorable to Quinn, the non-movant, and in indulging every reasonable inference and resolving any doubts in the non-movant's favor, this Court concludes that she has made out a prima facie case of discrimination and retaliation. *See Miranda*, 133 S.W.3d at 228.

The judgment is affirmed.

5

_____

Bob E. Shannon, Justice

Before Justices Puryear, Field, and Shannon\*

Affirmed

Filed:   November 29, 2017

\*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment.
*See* Tex. Gov't Code § 74.003(b).

6