# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00706-CV

**Angela Jo Carter, Appellant**

**v.**

**The Honorable Glenn Hegar,**
**Texas Comptroller of Public Accounts, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-14-000943, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Angelo Jo Carter sued the Honorable Glenn Hegar, Texas Comptroller of Public Accounts, for disability-based employment discrimination and retaliation under the Texas Commission on Human Rights Act (TCHRA) and the Americans with Disabilities Act (ADA). The Comptroller filed a plea to the jurisdiction and motion for summary judgment based on sovereign immunity. The trial court granted the Comptroller's plea and motion, dismissing both Carter's TCHRA and ADA claims. On appeal, Carter challenges the trial court's order as to her TCHRA claims. We will affirm the trial court's judgment.

### Background

Between 1977 and 2009, Carter worked off and on—approximately ten years total—for the Comptroller in various positions, including data-entry operator and HUB compliance

and certification analyst.[1]  According to Carter, she was an exemplary Comptroller employee who consistently received excellent performance reviews.  Carter left the Comptroller for the final time in 2010 after taking a medical leave of absence related to her having bipolar disorder.

In 2012, Carter applied for a position as a HUB Certification specialist at the Comptroller.  After an internal screening process eliminated a number of less qualified applicants, Carter and one other applicant were asked to interview in front of a four-person panel consisting of the manager over the vacant position, Paul Gibson, and Comptroller employees Suzette Ballenger, Ricardo Perez, and Allen Roberts.  During the separate, live interviews, the panel members asked the applicants the same job-related questions and scored the applicant's responses to the questions based on parameters defined on a Comptroller-approved interview sheet.  Those scores were later tallied and averaged to generate a final interview score for each applicant.  The applicant with the highest average interview score, which was not Carter, was hired for the position.

After not being hired for the position, Carter sued the Comptroller for violations of the TCHRA and the ADA.  *See generally* Tex. Lab. Code §§ 21.001–.556 (TCHRA); 42 U.S.C.A. §§ 12101–12213 (ADA).  In her pleadings, Carter alleged that the Comptroller discriminated against her by hiring a less qualified applicant and basing that decision on the Comptroller's mistaken belief that Carter's bipolar disorder and clinical depression would prevent her from properly performing the job at issue.  According to Carter, at least three of the panel members (including Gibson) knew

---

[1]  HUB stands for "historically underutilized business."  State agencies and their general contractors are required to make a "good faith effort" to use HUBs for state projects.  *See* Tex. Gov't Code §§ 2161.252–.253.  The Comptroller is the state agency tasked with certifying qualified vendors as HUBs.  *See id.* § 2161.061.

about her disability and leave history, and Gibson told the three other panel members to adjust their scores for the applicants because "of Angie Carter's past and it would be difficult to work with her again, so it would just be hard for them to consider her."

The Comptroller vigorously disputes Carter's characterization of the events and filed a plea to the jurisdiction and motion for summary judgment to challenge Carter's claims. These motions assert that the trial court lacked jurisdiction over Carter's TCHRA and ADA claims because Carter failed to demonstrate a prima facie case for her claims and, thus, had failed to show there had been a waiver of sovereign immunity. The Comptroller also argued that Carter could not meet her burden to prove that the Comptroller's legitimate, non-discriminatory reasons were mere pretext for the discriminatory motive. The trial court agreed, granting both the Comptroller's plea to the jurisdiction and motion for summary judgment, and issued an order dismissing Carter's claims. Carter challenges that ruling.

**Discussion**

Carter raises two issues on appeal: (1) the trial court erred in granting the Comptroller's plea to the jurisdiction as to her TCHRA claims because "the Comptroller's sovereign immunity was not established as a matter of law"; and (2) the trial court erred in granting the Comptroller's motion for summary judgment as to her TCHRA claims because there were genuine issues of material fact regarding each challenged element of her claims. Carter does not appeal the trial court's ruling as it relates to her ADA claims.

3

**Standard of review**

The State and its agencies, including the Comptroller here, are immune from suit unless the State consents. *See Alamo Heights Indep. Sch. Dist. v. Clark*, __ S.W.3d __, No. 16-0244, 2018 WL 169, at *7 (Tex. April 6, 2018) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). The TCHRA waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute. *Id.* (citing *Mission*, 372 S.W.3d at 637 (citing Tex. Lab. Code § 21.254)).

Immunity from suit may be asserted through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment. *Id.* (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. When a jurisdictional plea challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction. *Id.* (citing *Miranda*, 133 S.W.3d at 227). If, however, the plea challenges the existence of jurisdictional facts, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Id.* (citing *Mission*, 372 S.W.3d at 635; *Bland*, 34 S.W.3d at 555).

Here, the Comptroller's jurisdictional plea challenged the existence of jurisdictional facts with supporting evidence. In such cases, the standard of review mirrors that of a traditional summary judgment: "[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at

4

least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Miranda*, 133 S.W.3d at 221, 225–26. In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id.* at 228. In doing so, however, we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 811–12, 822–23, 827 (Tex. 2005).

**Disability discrimination**

The TCHRA prohibits discrimination based on disability: "An employer commits an unlawful employment practice if because of . . . disability . . . the employer fails or refuses to hire an individual . . . ." Tex. Lab. Code § 21.051(1). To obtain relief for such discrimination, a plaintiff must show that (1) she has a "disability"; (2) she is "qualified" for the job; and (3) she suffered an adverse employment decision—here, that she was not hired—on account of her disability. *See E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (adopting elements); *Adams v. Artco-Bell Corp.*, No. 03-08-00690-CV, 2010 WL 1507796, at *2 (Tex. App.—Austin 2010, no pet.) (mem. op.) (citing *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996); *Davis v. City of Grapevine*, 188 S.W.3d 748, 757 (Tex. App.—Fort Worth 2006, pet. denied)). The dispositive issue in this appeal is whether Carter raised a fact issue on the third element, that she was not hired *because of* her disability.

Carter makes, and has offered at least some evidence for, the following contentions in support of the third element of her disability claim:

5

- In her prior employment at the Comptroller, Carter received positive performance reviews and promotions and had a good working relationship with her supervisors.

- Carter had to take disability-related leave during her prior employment with the Comptroller's office.

- Panel members Gibson and Ballenger knew of Carter's disability and leave history before Carter's 2012 interview.

- Gibson, the manager of the vacant position for which Carter applied, was reluctant to interview Carter and did so only after he was directed by human resources to do so. In connection with the interview, Gibson told human resources that he "knew [Carter] had HUB experience but he could not let that influence his scoring on her [interview] responses."

- Gibson told the other members of the 2012 interview to adjust their scores for the applicants because "they knew of Angie Carter's past and it would be difficult to work with her again, so it would just be hard for them to consider her."

- Carter was not hired for the HUB certification analyst position because her average interview score was lower than the other applicant's average score.

In addition, Carter's own evidence conclusively establishes that Gibson (and Roberts) actually awarded higher scores to Carter than they awarded to the other applicant.

Carter maintains that the evidence is sufficient to give rise to a question of fact regarding whether she was not hired *on account of* her disability. But even under the applicable standard of review—i.e., taking as true all evidence favorable to Carter, indulging every reasonable inference, and resolving any doubts in Carter's favor, *see Miranda*, 133 S.W.3d at 228—we disagree. Carter has failed to offer any causal nexus between her disability and the Comptroller's motivation for not hiring her. That Carter had a known disability and Gibson allegedly conspired to make sure she was not hired does not support, without something more, the conclusion that Gibson's reason for not wanting to hire her was motivated by the disability. A plaintiff "cannot establish a prima

6

facie case of employment discrimination based upon 'conclusory allegations, . . . or subjective beliefs and feelings.'" *Michael v. City of Dallas*, 314 S.W.3d 687, 692 (Tex. App.—Dallas 2010, no pet.) (finding no prima facie case of disability discrimination under TCHRA and quoting, in support, *Greathouse v. Alvin Indep. Sch. Dist.*, 17 S.W.3d 419, 425 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (alteration in original)). Accordingly, we hold that Carter has failed to establish a prima facie case of disability discrimination and we overrule Carter's issues.

## Conclusion

Having overruled Carter's issues on appeal, we affirm the trial court's judgment.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed: May 25, 2018

7