

## NUMBER 13-17-00480-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

SANTA ROSA INDEPENDENT
SCHOOL DISTRICT,                                             Appellant,

v.

JESUS F. RODRIGUEZ JR.,                                      Appellee.

**On appeal from the 357th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Benavides**

Santa Rosa Independent School District (SRISD), appellant, challenges the trial court's denial of its plea to the jurisdiction on appellee Jesus F. Rodriguez Jr.'s disability discrimination suit. *See* TEX. LAB. CODE ANN. § 21.051 (West, Westlaw 2017 through 1st C.S.). By a single issue, SRISD argues that the trial court erred in finding it had jurisdiction over Rodriguez's claims when he "failed to produce evidence necessary to

create a fact issue on the prima facie elements of such claims." We reverse and render judgment.

## I. BACKGROUND

Rodriguez was a probationary first-year school teacher at Jo Nelson Middle School in Santa Rosa beginning in September 2015. On January 22, 2016, Rodriguez suffered a stroke and notified SRISD the same day. He did not return to work that semester and was notified by letter dated May 17, 2016 that his employment was terminated at the end of his contract. No reason was stated.

Rodriguez filed a timely charge of disability discrimination with the Texas Workforce Commission Civil Rights Division which granted him a right to sue letter in January 2017. Rodriguez filed suit in March 2017. SRISD does not challenge Rodriguez's exhaustion of administrative remedies.

Rodriguez's first amended petition alleged that SRISD illegally discriminated against him on the basis of disability and that the superintendent decided to recommend that Rodriguez be terminated in February 2016. *See id.* SRISD filed a general denial and a plea to the jurisdiction challenging the trial court's jurisdiction and seeking dismissal of Rodriguez's petition. SRISD's plea attached evidence that challenged Rodriguez's prima facie case. Rodriguez responded to the plea and included evidence of his own. SRISD filed a reply and a post-hearing letter brief. The trial court denied SRISD's plea to the jurisdiction. SRISD filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.104(a)(8) (West, Westlaw 2017 through 1st C.S.).

## II. PLEA TO THE JURISDICTION

SRISD argues that the trial court erred because Rodriguez did not produce evidence in support of his prima facie case.

### A. Standard of Review

Governmental units, including school districts, are immune from suit unless the state consents. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The labor code waives immunity if the plaintiff alleges conduct within the purview of the statute. TEX. LAB. CODE ANN. § 21.051(1). Under the Texas Labor Code, an employer "commits an unlawful employment practice" if it discharges an individual "because of . . . disability." *Id.*

"A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. When a jurisdictional plea challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *Miranda*, 133 S.W.3d at 227–28. If the plea challenges the existence of jurisdictional facts, we must consider evidence when necessary to resolve the jurisdictional facts. *Clark*, 544 S.W.3d at 770. If we consider evidence relating to the plea to the jurisdiction, a plaintiff must raise "at least a genuine issue of material fact." *Id.* at 771. "[W]e must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* But "we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Id.* Once a defendant challenges the plaintiff's case with

evidence, as here, "the jurisdictional inquiry focuses on the evidence and whether the plaintiff can create a fact issue." *Id.* at 785. "In a suit against a governmental employer, the prima facie case implicates both the merits of the claim and the court's jurisdiction because of the doctrine of sovereign immunity." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). If the evidence raises a fact issue, the trial court cannot grant the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 228.

**B.     Prima Facie Case of Disability Discrimination**

The elements of a disability discrimination case are that the employee: (1) has a disability, (2) was qualified for the job, and (3) suffered an adverse employment decision because of his disability. *Green v. Dallas Cty Schools*, 537 S.W.3d 501, 503 (Tex. 2017). SRISD does not challenge Rodriguez's disability, but challenges two parts of his prima facie case: (1) whether he is a qualified individual with a disability and (2) the causal relationship between his disability and the decision to terminate Rodriguez's probationary contract.

Rodriguez argues that between the time of his stroke and his termination, SRISD had no basis to terminate his employment other than his disability. SRISD argues that it produced evidence to support a non-discriminatory motive to terminate Rodriguez: Rodriguez's alleged misconduct that was memorialized in a January 12, 2016 memo from the principal at Jo Nelson Middle School to the district superintendent. According to the memo, Rodriguez mishandled his interactions with multiple students on January 6, 2016 during math benchmark testing. At least one female student complained of unwanted

4

attention and hugging that made her uncomfortable.[1]   According to the memo, the principal recommended to the superintendent that Rodriguez's teacher contract be terminated immediately.   The memo states that the principal talked with Rodriguez and advised him that he was suspended with pay until further notice and would receive confirmation from the superintendent in writing.

Rodriguez does not address his suspension or the allegations of misconduct as a basis for his termination.   He denies that he knew anything about plans to terminate his employment until he received SRISD's letter in May 2016.   Rodriguez does not deny that he met with his principal or that they discussed the misconduct outlined in the principal's memo to the superintendent.

When an employer articulates a legitimate reason to terminate a plaintiff's employment, the employer eliminates any presumption of discrimination created by the plaintiff's prima facie showing, and the burden then shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination.   *Garcia*, 372 S.W.3d at 635.   Rodriguez did not attempt to rebut SRISD's claim that the reason for his termination was misconduct.   A "plaintiff can usually provide sufficient evidence of discriminatory intent by showing that the employer's proffered reason for the adverse action is false."

---

[1]   According to the memo, the math benchmark, a practice test to determine student knowledge was held on January 6, 2016.   Rodriguez approached a group of students after the test and began to talk to them about self-defense and pressure points in the human body.   He asked for volunteers to demonstrate.   Rodriguez demonstrated on two students, one of whom was female.   Another female student claimed that Rodriguez called on her to volunteer, but she refused.   He "proceeded towards her and pinched her behind her leg close to her behind."   Other students confirmed that they witnessed one or more of these interactions.   One female student alleged that "Rodriguez calls her 'Mi Amor,' winks at her and hugs her randomly telling the class, 'I really love this girl.'"   Rodriguez admitted discussing self-defense and pressure points.   He further admitted that he demonstrated on one male student, but he denied touching any of the girls.   He admitted that he allowed students to lay on the floor after the test.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141–49 (2000). Because Rodriguez did not produce evidence to raise a fact issue regarding his employer's motive, the trial court erred by denying SRISD's plea to the jurisdiction. *See Clark*, 544 S.W.3d at 784–85. We sustain SRISD's single issue.

### III. CONCLUSION

We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing Rodriguez's claims for lack of jurisdiction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
6th day of December, 2018.