**AFFIRM; and Opinion Filed December 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00069-CV

**CITY OF DALLAS, TEXAS, Appellant**
**V.**
**KOJO NKANSAH, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-13943**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

In this interlocutory appeal, the City of Dallas, Texas, appeals the trial court's order denying its plea to the jurisdiction regarding a former employee's claims for retaliation. In three issues, the City argues the trial court erred in (1) denying its plea because the employee did not establish that his claims fell within a waiver of the City's immunity from suit and (2) overruling its objections to the employee's affidavit. We affirm.

### BACKGROUND

Kojo Nkansah worked for the City for over seventeen years. He was hired on May 6, 1998, as a Code Inspector for the Housing Department/Code Compliance. In January 2000, he became a Senior Contract Compliance Administrator for the Housing and Community Services Department (HCS). In January 2014, he applied for a Manager II position with HCS. Cynthia

Rogers-Ellickson, who at the time was Nkansah's immediate supervisor, ultimately offered the position to Rod Beck in July 2014. Beck became Nkansah's direct supervisor, and Beck in turn reported to Rogers-Ellickson.

Nkansah filed a charge of discrimination with the Equal Employment Opportunity Commission on May 12, 2014. He complained about being "passed over for three promotions over the last year despite being well qualified." He asserted he was harassed, discriminated against, and retaliated against because of his national origin, gender, and age. Nkansah is an African-American and a dual citizen of both the United States and Ghana.

In November 2014, the City suspended Nkansah without pay for five days. He was informed of the decision by a letter from Beck. Beck cited several reasons for the suspension, including Nkansah's failure to inform him he would be out of the office on October 23, 2014, to attend a safety training session; Nkansah's discourteous and argumentative behavior in a meeting on October 24; discourteous emails to Beck and other City employees; and inappropriate face-to-face interaction with a coworker. The letter also instructed Nkansah to refrain from spending time during work hours on personal matters. The letter set out the provisions of the City's personnel rules Nkansah violated.

After his suspension, on December 4, 2014, Nkansah filed a second charge of discrimination with the EEOC. He maintained he had been discriminated against because of his sex, age, race, and national origin and in retaliation for participating in protected activities, specifically filing internal grievances and his previous EEOC charge. The record reflects that between July 2013 and December 2014, Nkansah filed at least five internal grievances with the City.

In June 2015, the City sent Nkansah a letter notifying him of possible disciplinary action, including termination of his employment due to alleged violations of personnel rules. The alleged

violations included an incident on April 15, 2015, during which Nkansah became combative in a meeting with Beck and created a workplace disturbance. The City also alleged Nkansah failed to follow its earlier directive about not spending time on personal matters at work. At a June 30 hearing, Nkansah was allowed to respond to the allegations. On July 7, 2015, he was notified in a letter from Rogers-Ellickson that his employment was terminated for the reasons provided in June. The letter states that nothing Nkansah presented at the hearing rebutted the City's evidence.

In October 2016, Nkansah sued the City for retaliation under the Texas Commission on Human Rights Act (TCHRA). He alleged he was suspended and later wrongfully discharged in retaliation for "filing grievances due to the [City's] discriminatory promotion practices." The City answered with a general denial and several affirmative defenses.

After discovery, the City filed a plea to the jurisdiction challenging the existence of jurisdictional facts. The City asserted the TCHRA's waiver of governmental immunity does not apply because Nkansah cannot establish a prima facie case of retaliation. In its jurisdictional plea, the City challenged only whether there was a causal link between Nkansah's protected activity and the adverse employment actions. Nkansah responded that he could establish causation and submitted evidence to the court. The trial court denied the City's plea to the jurisdiction with respect to Nkansah's retaliation claims.[1]

In its first two issues, the City contends the trial court erred in denying its plea to the jurisdiction on Nkansah's retaliation claims. The City maintains the court lacked jurisdiction because the City presented evidence to challenge the jurisdictional facts and Nkansah failed to raise a fact issue in response.

---

[1] Nkansah pleaded several other causes of action, but the trial court granted the City's plea to the jurisdiction regarding those claims and they are not before us.

Governmental units are immune from suit unless the state consents. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). The TCHRA waives immunity only when the plaintiff states a claim for conduct that actually violates the statute. *Id.*; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). Immunity from suit may be asserted through a plea to the jurisdiction which challenges the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights*, 544 S.W.3d at 770. We review a trial court's disposition of a plea to the jurisdiction de novo. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). Here, the City's jurisdictional plea challenged the existence of jurisdictional facts with supporting evidence. In such cases, the standard of review mirrors that of a traditional summary judgment. *Alamo Heights*, 544 S.W.3d at 771. To avoid dismissal, a plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction. *Id.* In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id.*

The TCHRA prohibits retaliation against an employee for engaging in certain protected activities, such as making a discrimination complaint. *Id.* at 781; *see* TEX. LAB. CODE ANN. § 21.055. An employee engages in a protected activity by, among other things, filing an internal complaint, opposing a discriminatory practice, or making a charge of discrimination with the EEOC. *Alamo Heights*, 544 S.W.3d at 786. A TCHRA claim focuses on the employer's response to an employee's protected activity. *Id.* at 763–64. A remedy exists only when the evidence establishes that a materially adverse employment action resulted from the employee's protected activities. *Id.* at 764. To prevail in a retaliation action under the TCHRA, the plaintiff must prove (1) he engaged in an activity protected by the TCHRA; (2) he experienced a material adverse

–4–

employment action; and (3) a causal link existed between the protected activity and the adverse action. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 585 (Tex. 2017).

TCHRA violations can be established with either direct or circumstantial evidence. *Alamo Heights*, 544 S.W.3d at 781–82; *Mission*, 372 S.W.3d at 634. Direct evidence of discrimination is evidence of what the defendant did and said. *Mission*, 372 S.W.3d at 634. It is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption. *Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 653 (Tex. App.—Dallas 2012, no pet.). "[M]otives are often more covert than overt," however, "making direct evidence of forbidden animus hard to come by." *Mission*, 372 S.W.3d at 634. Because direct evidence in these types of cases is often unavailable, an employee can establish discrimination with circumstantial evidence using a three-part, burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] *Alamo Heights*, 544 S.W.3d at 764; *Mission*, 372 S.W.3d at 634.

The City treats this case as if it involves circumstantial evidence and the *McDonnell Douglas* framework. The City argues it negated the existence of causation by establishing it had legitimate, non-retaliatory reasons for suspending and terminating Nkansah—his unacceptable conduct in the workplace which violated the City's personnel rules. The City asserts the burden shifted to Nkansah to produce evidence to create a material fact issue regarding jurisdiction by showing that the City's stated reasons were false and a pretext for retaliation. According to the

---

[2] In *Alamo Heights*, the supreme court considered an issue of first impression regarding the *McDonnell Douglas* framework. *Alamo Heights*, 544 S.W.3d at 763–64. Under *McDonnell Douglas*, if the employee can establish a prima facie case of discrimination, a rebuttable presumption of discrimination arises. *Id.* at 782. The employer can defeat this presumption by producing evidence of a legitimate, nondiscriminatory reason for the disputed employment action. *Id.* The *Alamo Heights* court held that, once rebutted, the presumption disappears and an employee lacking direct evidence cannot prove a statutory violation without evidence the employer's stated reason is false and a pretext for discrimination. *Id.* The causation standard for the *McDonnell Douglas* prima facie case element is not onerous and can be satisfied merely by proving close timing between the protected activity and the adverse action. *Id.* The supreme court has not yet determined the appropriate causation standard for a TCHRA retaliation claim. *Id.* at 783. It applied a "but for" standard in *Alamo Heights* because the parties advocated for such a standard. *Id.* In evaluating but-for causation evidence in retaliation claims with circumstantial evidence, courts examine all of the circumstances, including temporal proximity between the protected activity and the adverse action, knowledge of the protected activity, expression of a negative attitude toward the employee's protected activity, failure to adhere to relevant established company policies, discriminatory treatment in comparison to similarly situated employees, and evidence the employer's stated reason is false. *Id.* at 790.

City, Nkansah cannot show he would not have been subjected to an adverse employment action "but for" his protected activity. The City maintains it retains immunity because Nkansah did not present any competent evidence establishing a causal link. It contends Nkansah's response presented only his subjective beliefs and conclusory statements and that his subjective belief is insufficient to establish causation. And the City further asserts the temporal proximity between the protected activity and the adverse employment actions is insufficient in this case to establish causation.

But contrary to the City's argument, the record reflects that Nkansah presented direct evidence of causation in response to the City's plea to the jurisdiction. Attached to Nkansah's response were the affidavits of three former coworkers, Sherry Powell, Odus Oglesby, and Maria Verduzco. Powell and Oglesby held the same position at HCS as Nkansah and were also under the direct supervision of Beck. In their affidavits, both Powell and Oglesby testified about an August 2014 staff meeting called by Rogers-Ellickson to introduce Beck as the new manager. Nkansah was present at the meeting. According to both Powell and Oglesby, Beck professed to the employees that "I know nothing about Housing programs, but I was hired based on my HR experience to get rid of those filing grievances in the division." Verduzco was an office assistant with HCS. In her affidavit, she stated that in her presence, Beck and Rogers-Ellickson discussed "their plan to terminate Nkansah for filing discrimination grievances." Verduzco stated, "I was aware that the City of Dallas management ultimately terminated Nkansah in retaliation for opposing their discrimination in promotions." Because Nkansah produced direct evidence of discrimination, the *McDonnell Douglas* burden-shifting analysis is inapplicable. *See Jespersen*, 390 S.W.3d at 654.

The City did not address Powell's, Oglesby's, and Verduzco's affidavits in its opening brief.[3]   In a reply brief, the City responds only to the allegations in the Powell and Oglesby affidavits about the August 2014 staff meeting.  The City asserts that Beck's statement at the meeting is irrelevant because Beck mentioned "grievances," not EEOC charges of discrimination, and Beck was not the person who terminated Nkansah.  We disagree that the evidence is irrelevant.  Filing an internal complaint can be a protected activity.  *See Alamo Heights*, 544 S.W.3d at 786.  The City's plea to the jurisdiction assumed Nkansah could establish he engaged in a protected activity.  Thus, it did not attempt to negate that element of retaliation.  Evidence Nkansah's immediate supervisor was hired to get rid of people filing grievances bears on the City's motives for the adverse employment actions.  Further, Verduzco's affidavit, which the City does not address, expressly states the City terminated Nkansah for opposing the City's discrimination in promotions.  The evidence in Powell's, Oglesby's, and Verduzco's affidavits, if believed, directly proves the City's discriminatory animus.  *See Jespersen*, 390 S.W.3d at 653.  Even if this evidence was somehow circumstantial instead of direct evidence, it nevertheless raised a fact issue regarding whether the City's stated reasons for the adverse employment actions were false or a pretext.  Because Nkansah presented evidence raising a fact issue on causation, the trial court properly denied the City's plea to the jurisdiction on the retaliation claims.  We overrule the City's first and second issues.

In its third issue, the City contends the trial court erred in considering Nkansah's affidavit, which was attached to his response to the plea to the jurisdiction.  The City objected to Nkansah's affidavit on numerous grounds.  It asserted portions of the affidavit were speculative, not supported by facts demonstrating personal knowledge, conclusory, legal conclusions, hearsay, and in

---

[3] The City's opening brief in this case was filed prior to the supreme court's April 2018 opinion in *Alamo Heights*.  After the *Alamo Heights* opinion, the City filed a reply brief which clarified its arguments.

violation of the best evidence rule. The trial court overruled the City's objections. In its brief, the City has not provided separate argument and authorities for this issue, but rather has combined it with its argument on the first two issues. The City's brief addresses one ground for objection—that the affidavit was conclusory. The City complains of only one sentence in the affidavit, Nkansah's assertion that "Once he participated in protected action by filing [his] EEOC Charge on May 12, 2014, and filing internal grievances," he was singled out for "unlawful employment practices." Even if the trial court erred in overruling the City's objection that this particular statement was conclusory, the City cannot show the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). The erroneous admission of evidence is harmless if it is merely cumulative. *Cardona v. Simmons Estate Homes I, LP*, No. 05-14-00575-CV, 2016 WL 3014792, at *2 (Tex. App.—Dallas May 25, 2016, no pet.) (mem. op.). Nkansah had other evidence, discussed above, that showed a connection between his protected activity and the adverse employment actions. We overrule the City's third issue.

We affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

180069F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF DALLAS, TEXAS, Appellant

No. 05-18-00069-CV      V.

KOJO NKANSAH, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-13943.
Opinion delivered by Justice Brown, Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the trial court's January 12, 2018 order is **AFFIRMED**.

It is **ORDERED** that appellee Kojo Nkansah recover his costs of this appeal from appellant City of Dallas, Texas.

Judgment entered this 17th day of December, 2018.