In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00042-CV**
_____

**MICHAEL SCOTT NIX, Appellant**

**V.**

**CITY OF BEAUMONT, TEXAS, Appellee**

_____

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. D-205,570**

_____

**MEMORANDUM OPINION**

Michael Scott Nix (Nix or Appellant) appeals the trial court's judgment granting a plea to the jurisdiction filed by the City of Beaumont (the City) and dismissing Nix's claims against the City with prejudice. We affirm the trial court's judgment.

Background

The City's Fire Chief indefinitely suspended Nix, a City of Beaumont fire fighter, for violation of sick leave policies.[1] Nix appealed the suspension to the City's Fire Fighters' and Police Officers' Civil Service Commission. *See* Tex. Loc. Gov't Code Ann. § 143.010. After a hearing, the Civil Service Commission signed an Order and found that the 2015-2020 Collective Bargaining Agreements (CBA) and the 2015 Abeyance Agreement between Nix and the former fire chief were valid, found that Nix violated the sick leave policy during the term of the 2015 Abeyance Agreement, and denied Nix's appeal and permanently dismissed him from the Beaumont Fire & Rescue Department.

On March 26, 2020, Nix filed an Original Petition, appealing the March 11, 2020 Civil Service Commission Order.[2] *See* Tex. Loc. Gov't Code Ann. § 143.015(a) (authorizing a fire fighter "dissatisfied with any commission decision[]" to "file a petition in district court asking that the decision be set aside[]"). Nix's Original Petition alleges that the Fire Chief wrongfully suspended Nix

---

[1] The Civil Service Act outlines the disciplinary process by which a municipality may suspend a fire fighter and the procedure for the appeal of a suspension. *See* Tex. Loc. Gov't Code Ann. §§ 143.051-057. A fire department may suspend a fire fighter for a violation of the civil service rules. *Id.* § 143.052(b).

[2] Nix's Original Petition was filed in the 136th District Court. The City filed a Motion to Transfer the case to the 172nd District Court because that court previously heard Cause No. E-201,849. The trial court granted the Motion to Transfer.

2

indefinitely and that the Fire Chief's decision was wrongfully ratified by the City's Civil Service Commission under the Texas Constitution and Chapter 143 of the Texas Local Government Code and Chapter 544 of the Texas Government Code. In Nix's Original Petition, he seeks a de novo review of the City's Civil Service Commission Order and "declaratory and equitable relief and petition for ma[n]damus to order the Civil Service Commission of the City of Beaumont and its City of Beaumont Civil Service Commission to vacate the decision of March 11, 2020[.]"

The City filed an Answer, generally denying Nix's claims. The City also filed a Plea to the Jurisdiction, arguing that Nix's claims are barred by res judicata and that Nix's appeal of the Civil Service Commission's Order to the district court was untimely. The City argued that a previous case styled as Cause No. E-201,849 involved identical parties and this Court issued an opinion on the appeal of that case and rejected all of Nix's claims including his indefinite suspension and concluded that Nix failed to timely appeal the Civil Service Commission's order. The City attached as evidence to its Plea to the Jurisdiction a copy of Nix's First Supplemental Original Petition and a Reporter's Record from Cause No. E-201,849, a copy of this Court's Opinion in the appeal of Cause No. E-201,849,[3] an Affidavit of the City's

---

[3] *See Nix v. City of Beaumont*, No. 09-18-00407-CV, 2019 Tex. App. LEXIS 8836 (Tex. App.—Beaumont Oct 3, 2019, no pet.) (mem. op.).

Personnel Director and Civil Service Director with attached email correspondence between him and Nix's counsel, and the Order of the Beaumont Civil Service Commission. The City's Plea to the Jurisdiction requested that the trial court dismiss Nix's claims with prejudice for lack of jurisdiction.

Nix filed a First Supplement to his Original Petition, adding claims that the City failed to comply with CBAs from 2012 to 2015, the City had no jurisdiction to enter into a March 20, 2015 Settlement Agreement, and that Nix did not waive any rights by the execution of that agreement. The Supplemental Petition requested a mandatory injunction requiring the City to vacate the disciplinary sentences and related records arising out of claims that Nix abused his sick leave. Nix also filed a Response to the City's Plea to the Jurisdiction arguing that res judicata was not pled by the City in accordance with Rule 94 of the Texas Rules of Civil Procedure and res judicata did not apply because the Civil Service Commission did not have jurisdiction over the subject matter due to the City's failure to comply with the CBA. In response to the City's argument that Nix failed to timely appeal from the Civil Service Commission's March 11, 2020 Order, Nix's only argument was that the Civil Service Commission's Order was void because the commission had no jurisdiction.

The trial court granted the City's Plea to the Jurisdiction, dismissing Nix's claims against the City with prejudice. Nix filed a request for findings of fact and

4

conclusions of law and a notice of past due findings, but the trial court denied Nix's request for the trial court to enter findings. Nix filed a motion for new trial which was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). Nix appealed.

## Issues on Appeal

Nix raises five issues on appeal. In issue one, Nix argues the City never "acquired subject matter jurisdiction over Nix's appeals" because the City did not comply with the terms of the CBA. In issue two, Nix argues he was denied due process under Article I, section 19 of the Texas Constitution because of the "City's exercise of nonacquired jurisdiction in terminating [Nix], without having explained its non-compliance with the CBAs" for 2012 to 2020. In issues three and four, Nix argues the City failed to plead waiver and res judicata as affirmative defenses and thereby waived those defenses. In issue five, Nix asserts he timely filed his claim with the district court appealing the March 11, 2020 Order of the Civil Service Commission.

## Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 558 (Tex. 2016); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The existence of subject matter jurisdiction is a question of law that we review de novo. *See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d

5

448, 451 (Tex. 2016). A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). A defendant who files a plea to the jurisdiction has the initial burden of meeting the summary judgment standard of proof for its assertion that the courts lack jurisdiction; if it does so, the plaintiff must then "show that a disputed material fact exists regarding the jurisdictional issue." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When a fact issue exists, the plea to the jurisdiction should be denied. *Id.* If the plaintiff fails to raise a fact question on the jurisdictional issue or the relevant evidence supporting the defendant's assertion is undisputed, the plea to the jurisdiction must be granted as a matter of law. *Id.* "In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Alamo Heights*, 544 S.W.3d at 771.

Untimeliness of Nix's Suit
Challenging the Order of the Civil Service Commission

We first address Nix's fifth issue. In issue five, Nix acknowledges that he filed his suit with the district court on March 26, 2020, but he argues for the first time on appeal that it was timely-filed because the Supreme Court of Texas' *First Emergency Order Regarding the COVID-19 State of Disaster* and *Eighth Emergency Order*

6

*Regarding the COVID-19 State of Disaster* "extend[ed] deadlines by 30 days."[4] *See In re Eighth Emergency Order Regarding the COVID-19 State of Disaster*, 597 S.W.3d 844 (Tex. 2020); *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020).

To challenge the decision of the Civil Service Commission, Nix had to file his suit in the district court as outlined in the governing statute and ask the district court to set aside the ruling of the Commission. *See* Tex. Loc. Gov't Code Ann. § 143.015(a). However, "[t]he petition must be filed within 10 days after the date the final commission decision: (1) is sent to the fire fighter . . . by certified mail; or (2) is personally received by the firefighter . . . or by that person's designee." *Id.*

Here, the jurisdictional facts relevant to this issue are undisputed. The City attached as evidence to its Plea to the Jurisdiction a March 11, 2020 email response from Nix's attorney to the City's Personnel Director's email that same day advising Nix's attorney of the Civil Service Commission's decision and attaching the signed Order of the Civil Service Commission. The March 11, 2020 email response from Nix's attorney stated, "I will be appealing this to the 172nd District Court or

---

[4] According to the appellate record, Nix never made this argument in the trial court. In fact, Nix's statement regarding jurisdiction in his Original Petition filed on March 26, 2020 was that "[t]his is a petition for de novo review of the decision of the City of Beaumont's Civil Service Commission rendered on March 11, 2020, pursuant to Tex. Loc. Gov't[] Code 143.[]015." On appeal, Nix cites no authority in support of his argument that the deadline was extended beyond ten days besides the *First* and *Eighth* emergency orders.

whichever court is assigned to handle the appeal." In the trial court and on appeal, Nix does not dispute the City's assertions in its Plea to the Jurisdiction that Nix's designee – his attorney – personally received the commission's decision on March 11, 2020, and that Nix did not file his appeal with the district court until more than ten days (the appeal was filed 15 days after the attorney received the ruling) after his designee personally received the commission's decision. The question here is whether the Texas Supreme Court's COVID-19 emergency orders extended the deadline for him to timely file his lawsuit appealing the March 11, 2020 Civil Service Commission Order.

It is a matter of public record that the Supreme Court of Texas issued emergency orders "in response to the imminent threat of the COVID-19 pandemic[]" and "pursuant to Section 22.0035(b) of the Texas Government Code." *See generally First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d at 265. On March 13, 2020, two days after the commission's decision in this case, the Supreme Court of Texas issued a *First Emergency Order Regarding the COVID-19 State of Disaster*, which became effective March 13, 2020, and included the following in relevant part:

> 2. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
> a. Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period

8

> ending no later than 30 days after the Governor's state of disaster
> has been lifted[.]
>
> . . .
>
> 3. All courts in Texas may extend the statute of limitations in any civil
> case for a stated period ending no later than 30 days after the
> Governor's state of disaster has been lifted.

*Id.*.[5] On April 1, 2020, the Supreme Court of Texas issued an *Eighth Emergency*

*Order Regarding the COVID-19 State of Disaster* which stated the following in

relevant part:

> 2. This Order amends paragraph 3 of the First Emergency Order
> Regarding the COVID-19 State of Disaster, issued March 13, 2020.
>
> 3. Any deadline for the filing or service of any civil case is tolled from
> March 13, 2020, until June 1, 2020, unless extended by the Chief
> Justice of the Supreme Court. This does not include deadlines for
> perfecting appeal or for other appellate proceedings, requests for relief
> from which should be directed to the court involved and should be
> generously granted.

597 S.W.3d at 844.

In *Harris County v. Davidson*, the Fourteenth Court of Appeals examined the

application of the Supreme Court of Texas' *Twenty-Ninth Emergency Order*

*Regarding the COVID-19 State of Disaster* and concluded it did not extend the

jurisdictional deadline for a plaintiff to timely file his Whistleblower lawsuit. 653

S.W.3d 318, 322 (Tex. App.—Houston [14th Dist.] 2022, no pet.). The emergency

order at issue in *Davidson* provided, in relevant part, that "[s]ubject only to

---

[5] Generally, "may" is a permissive term that gives rise to discretionary
authority or grants permission or a power. *See* Tex. Gov't Code Ann. § 311.016(1).

9

constitutional limitations, all courts in Texas may in any case, civil or criminal…modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than February 1, 2021." *See Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 863 (Tex. 2020). In *Davidson*, the plaintiff filed his lawsuit approximately nine months after the jurisdictional deadline in section 554.006(d)(1) of the Texas Government Code. 653 S.W.3d at 323. In concluding that the Supreme Court of Texas's *Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster* did not extend the jurisdictional deadline for the plaintiff to timely file his Whistleblower lawsuit, the Fourteenth Court of Appeals explained its rationale:

> We previously addressed this issue in a non-Whistleblower Act case. In *Lane v. Lopez*, we held that "while the Emergency Order promulgated by the Texas Supreme Court gives us discretion to extend deadlines, it does not include the extension of deadlines for perfecting appeals." No. 14-20-00633-CV, 2020 Tex. App. LEXIS 8587, 2020 WL 643989, at *1 (Tex. App.—Houston [14th Dist.] Nov. 3, 2020, pet. denied) (mem. op). Other courts have held similarly. *See Prescod v. Tkach*, No. 02-21-00162-CV, 2002 Tex. App. LEXIS 655, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) ("The emergency orders do not give courts authority to revive jurisdiction once a *jurisdictional* deadline has passed.") (emphasis in original); *Green v. Villas on Town Lake Owners Assoc., Inc.*, No. 03-20-00375-CV, 2021 Tex. App. LEXIS 8569, 2021 WL 4927414, at *9 (Tex. App.—Austin Oct. 22, 2021, pet. [denied]) (mem. op.) ("While the order states that 'requests for relief' from deadlines for perfecting appeal should be 'generously granted,' nothing in the order alters the rules of appellate procedure or purports to grant jurisdiction where none would otherwise exist."); *Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 Tex. App. LEXIS 1960, 2021 WL 960646, at *1 (Tex. App.—Dallas March 15, 2021, no pet.) (mem. op.) ("Because the trial court

10

lacked jurisdiction over the case by the time the motion to reinstate was filed, it could not avail itself of the emergency order to reinstate the case, and the challenged orders are void.").

Here, Davidson was required to file his lawsuit thirty days after the civil service commission's denial of his appeal. Davidson did not meet this requirement, instead filing his lawsuit approximately nine months past the jurisdictional deadline. *See* Tex. Gov't Code § 554.006(d)(1) (providing that an employee must file suit "not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter"). Because the Supreme Court's Emergency Order does not create jurisdiction where none exits, we hold that the trial court erred when it denied Harris County's motion for summary judgment. *See* Tex. Gov't Code § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *City of Madisonville*, 620 S.W.3d [375,] 379 [Tex. 2020] (holding that the Whistleblower Act filling deadline is "a jurisdictional statutory prerequisite to suit, and a claim that fails to meet that deadline may properly be disposed of by a jurisdictional plea").

*Id.* at 322-23.

We conclude that the deadline in section 143.015 of the Texas Local Government Code applicable to this case operates in a manner which is similar to the deadline in section 554.006(d)(1) discussed in *Davidson*. We agree with the reasoning outlined in the *Davidson* opinion and the cases cited therein that the Supreme Court's COVID-19 Emergency Orders do not extend deadlines for perfecting an appeal, do not give courts authority to revive jurisdiction once an appellate deadline passes, and do not grant jurisdiction where none otherwise exists. *See id.* The Supreme Court's *First Emergency Order Regarding the COVID-19 State of Disaster* and the *Eighth Emergency Order Regarding the COVID-19 State of*

11

*Disaster* give discretion to trial courts to extend deadlines and require a trial court to extend deadlines in instances where such an extension is necessary "to avoid risk to court staff, parties, attorneys, jurors, and the public[.]" *See* 597 S.W.3d at 844; 596 S.W.3d at 265. Additionally, the *First Emergency Order Regarding the COVID-19 State of Disaster* allows trial courts to extend statute of limitations in civil cases, and the *Eighth Emergency Order Regarding the COVID-19 State of Disaster* amended the First by tolling the deadline for filing or service in a civil case but expressly stated that the tolling does not include deadlines for perfecting an appeal. *See Cantu v. Trevino*, No. 13-20-00299-CV, 2020 Tex. App. LEXIS 7767, at *13 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.) ("[T]he supreme court's emergency orders tolling deadlines explicitly do not apply to deadlines for perfecting appeal."); *Satterthwaite v. First Bank*, No. 02-20-00182-CV, 2020 Tex. App. LEXIS 6010, at *3 & n.1 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.) (recognizing that the Texas Supreme Court had issued an emergency order regarding the COVID-19 pandemic that extends filing and service deadlines but noting that the extension "does not include deadlines for perfecting appeal[]" and dismissing the appeal as untimely). Even if either of the two emergency orders upon which Nix relies had granted the trial court the discretion to extend the ten-day deadline to appeal to the district court, which neither does, Nix never filed a motion requesting an extension of the deadline to appeal. *See Carrigan v. Edwards*, No. 13-

12

20-00093-CV, 2020 Tex. App. LEXIS 8649, at \*5 (Tex. App.—Corpus Christi–Edinburg Nov. 5, 2020, pet. denied) (mem. op.) ("[T]he Texas Supreme Court's Emergency Orders are not self-executing; they permit courts to extend deadlines, and they require extensions in certain instances, but they do not extend deadlines themselves."). Nix does not argue that his failure to timely file his appeal resulted from the COVID-19 pandemic. *See Jones v. White*, No. 02-20-00198-CV, 2020 Tex. App. LEXIS 7716, at \*2 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.) ("[T]he fact of the pandemic, standing alone, is not a reasonable explanation for a missed appellate deadline."); *see also Carrigan*, 2020 Tex. App. LEXIS 8649, at \*5 ("[T]he pandemic conditions do not generate a blanket excuse which can be used to extend deadlines indefinitely, especially in the absence of any specific explanation for why such extensions are warranted."). We find nothing in our record that would have required the trial court to extend the filing deadline and no evidence of a necessity to do so to "avoid risk to court staff, parties, attorneys, jurors, and the public." *See* 596 S.W.3d at 265.

We conclude Nix failed to timely file his appeal of the commission's decision to the district court under section 143.015(a) of the Texas Local Government Code, and the trial court did not have jurisdiction over the appeal. Therefore, the trial court correctly granted the City's plea to the jurisdiction and dismissed Nix's claims against the City with prejudice. We need not reach Nix's other issues on appeal. *See*

13

Tex. R. App. P. 47.1 (instructing appellate courts to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal[]"). Accordingly, we overrule Appellant's issues and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 12, 2023
Opinion Delivered July 27, 2023

Before Horton, Johnson and Wright, JJ.